IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHASTA ALLEMAN; KENNETH WENLAND
and GIDGETTE WENLAND, INDIVIDUALLY, and
as N XT FRIENDS OF J.H, MINOR, and T.A.,
MINOR,

       Plaintiffs,

       v.                                        Case No. 1:21-cv-00662-KWR-JFR

MICHAEL SNOOK; HAJOCA CORPORATION; STEVEN
WINSTON SMITH a/k/a RASTA STEVIE; TICO TIME RIVER
RESORT; ROBERT HOLMES; and STATE OF
NEW MEXICO DEPARTMENT OF TRANSPORTATION,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

**THIS MATTER** comes before the Court upon Plaintiffs' Motion to Remand to State Court, filed July 29, 2021. **Doc. 10, 11**.[1] Having reviewed the pleadings and applicable law, the Court finds that Plaintiffs' Motion is well taken and, therefore, is **GRANTED IN PART**. This case is remanded back to the First Judicial District Court, Santa Fe County, State of New Mexico. Plaintiffs' request for fees and costs is denied in conjunction with the remand order. Finally, because the Court lacks subject matter jurisdiction, it declines to rule on Defendant Hajoca Corporation's partial motion to dismiss.

## BACKGROUND

This case concerns a car accident that occurred on a section of U.S. Highway 550 in Colorado. Plaintiff Shasta Alleman was seriously injured by Defendant Michael Snook while

---

[1] Plaintiffs' Corrected Motion to Remand (**Doc. 11**) added an additional exhibit, Exhibit K.

1

driving on Highway 550 in Colorado near the New Mexico-Colorado border. **Doc. 1, Ex. A, ¶¶ 30-34**. Plaintiff Alleman and her family sued Defendant Snook, and others who they allege were responsible for the accident, in New Mexico state court.

Plaintiffs allege that Defendant Snook became impaired after consuming alcohol and drugs supplied by Defendants Steven Winston Smith and Tico Time River Resort LLC and one of its owners, Defendant Robert Holmes, causing Defendant Snook to drive on the wrong side of the highway and crash into Plaintiff Alleman. *Id.* **¶¶ 20-28**. Plaintiffs further allege that the accident occurred while Defendant Snook was performing his work duties and operating a vehicle owned by his employer, Defendant Hajoca Corporation. *Id.* **¶¶ 16-19**. Plaintiffs also asserted a claim against the New Mexico Department of Transportation ("NMDOT"), alleging that it negligently failed to maintain the area of the highway where the accident occurred to adequately prevent or reduce wrong-way accidents. *Id.* **¶¶ 84-87**.

Defendants removed this case from state court on the basis of diversity jurisdiction, asserting that Defendant NMDOT was fraudulently joined because Plaintiffs cannot state a claim against it. **Doc. 1.** Plaintiffs moved to remand this case for lack of diversity jurisdiction. **Doc. 10, 11.**

## DISCUSSION

Defendants removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Although the parties are not completely diverse, Defendants argue that the Court in fact has diversity jurisdiction because the sole non-diverse defendant, NMDOT, was fraudulently joined. The Court concludes that Defendants failed to carry their heavy burden to show that NMDOT was fraudulently joined. The Court therefore lacks diversity jurisdiction over

this case and remands it back to state court. Because the Court lacks subject matter jurisdiction, the Court declines to rule on Defendant Hajoca's partial motion to dismiss. **Doc. 13**.

## I.    Removal and Remand Standards.

Federal courts are courts of limited jurisdiction. There is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001) (abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)). Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. *See Fajen*, 683 F.2d at 333 (citations omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a non-diverse party fraudulently to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). The citizenship of fraudulently joined defendants "should be ignored for the purposes of assessing complete diversity." *See Dutcher v. Matheson*, 733 F.3d 980, 987-88 (10th Cir. 2013).

In evaluating a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen*, 683 F.2d at 333. In other words, the removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). This is a high bar for Defendants to meet, and poses a standard "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)" and "which entails the kind of merits

determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indemnity,* 211 F.3d 1278, 2000 WL 525592, at *1-2 (10th Cir. 2000).[2] The Court must "determine whether [the plaintiff] has any possibility of recovery against the party whose joinder is questioned." *Id.* at *1 (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)); *see also Smoot v. Chicago, Rock Island & Pacific Railroad Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

The party defending removal may carry this "heavy burden" and successfully assert fraudulent joinder by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher*, 733 F.3d at 988; *Black Iron, LLC v. Helm-Pacific*, 2017 WL 2623846, at *4 (D. Utah June 16, 2017); *see also Montano,* 211 F.3d at *1-2, 4 (to prove fraudulent joinder, the removing party must demonstrate that there is "no possibility" that plaintiff would be able to establish a cause of action against the joined party in state court).

## II.    **The parties are not completely diverse and Defendants have failed to prove there is no possibility of a cause of action against the non-diverse party, NMDOT.**

On its face, the complaint and notice of removal indicate a lack of complete diversity. Plaintiffs are citizens of New Mexico. **Doc. 1, Ex. A, ¶¶ 1-4**. Defendants Snook and Winston Smith are citizens of Colorado. *Id.* **¶¶ 4, 8**. Defendant Hajoca, a corporation, is a citizen of Maine and Pennsylvania. *Id.***, Ex. B.** Defendant Tico Time, a limited liability company, is a citizen of

---

[2] Many district courts within the Tenth Circuit have referred to the standard for fraudulent joinder as requiring clear and convincing evidence. *See Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2016 WL 5415792, at *2 n.1 (N.D. Okla. Sept. 28, 2016) (finding "no significant difference between the 'complete certainty' language in *Smoot* and the 'clear and convincing' language in other cases); *Spence v. Flynt*, 647 F.Supp. 1266, 1271 (D. Wyo.1986); *Castens v. Conseco Life Ins. Co.*, No. 11–CV–628–TCK, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1163 (D.N.M. 2015).

Colorado.  *Id.*, **Ex. D.**  However, Defendant NMDOT is a citizen of New Mexico.  *Id.*, **Ex. A, ¶ 9**.  Therefore, the parties are not completely diverse and this Court lacks diversity jurisdiction.

Defendants argue that diversity jurisdiction exists because Plaintiffs fraudulently joined the sole non-diverse Defendant, NMDOT.  Defendants argue that Plaintiffs cannot plausibly assert a claim against NMDOT.  The Court disagrees.

Plaintiffs claim against NMDOT arises under the New Mexico Tort Claims Act.  *See* NMSA § 41-4-1 *et seq.*  Liability under the Act is based on the "traditional tort concepts of duty and the reasonably prudent person's standard of care in the performance of that duty." *See Lujan v. New Mexico Dep't of Transp.*, 341 P.3d 1, 4 (N.M. Ct. App. 2014).

The Act provides sovereign immunity to the State of New Mexico but creates specific waivers of immunity which permit suits against the government.  Pursuant to the Act, sovereign immunity does not apply to liability for damages resulting from bodily injury "caused by the negligence of public employees while acting within the scope of their duties during the…maintenance [of a] highway [or] roadway." *Id.* § 41-4-11(A).  Under the Act, the term "maintenance" is not confined to "upkeep and repair," but includes "the identification and remediation of roadway hazards." *See Martinez v. New Mexico Dep't of Transp.,* 296 P.3d 468, 472 (N.M. 2013) (stating that "maintenance requires a reasonable response to a known dangerous condition on a roadway").  A "long line of New Mexico cases" have held that traffic controls, such as erecting barricades, barriers, signage, or traffic lights, constitute roadway maintenance under the Act.  *Id.* at 472 (citing *Pollock v. New Mexico Highway & Transp. Dep't*, 984 P.2d 768 (N.M. Ct. App. 1999) and *Rickerson v. New Mexico*, 612 P.2d 703 (N.M. Ct. App. 1980)).

However, immunity is not waived for liability resulting from "a defect in plan or design" of a highway or roadway.  NMSA § 41-4-11(B).  Even still, "[t]he duty to maintain a roadway

subsumes within it a duty to remediate a known, dangerous condition, **regardless of whether the source of that danger can be traced back to a design feature**." *See Martinez*, 296 P.3d at 473 (emphasis added).

Here, Plaintiffs allege that Defendant NMDOT negligently failed to exercise reasonable care to properly maintain the area of Highway 550 where the accident occurred, which led Defendant Snook to enter the wrong side of the highway prior to the collision. **Doc. 1, Ex. A, ¶ 84**. Plaintiffs further allege that NMDOT had actual notice of several wrong-way accidents along the area of Highway 550 where the accident occurred, and these accidents were the result of NMDOT's failure to place adequate warnings and signage to prevent drivers from entering Highway 550 in the wrong lane of travel. *Id.* ¶ **85.**

In response, Defendants contend that: (1) Plaintiffs cannot state a plausible claim against NMDOT under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly* (2007) pleading standards; (2) there was no dangerous condition necessary to trigger a duty for NMDOT to undertake additional safety measures on the part of Highway 550 where the accident occurred; (3) NMDOT is immune from suit because it enjoyed design immunity; and (4) Plaintiffs failed to provide proof of NMDOT's knowledge of a dangerous condition on Highway 550. **Doc. 17, 18, 19**.

First, Defendants' argument regarding the "*Twombly/Iqbal* plausibility standard is inapposite" to the fraudulent joinder standard. *See Bellman v. NXP Semiconductors USA, Inc.*, 248 F. Supp. 3d 1081, 1133 (D.N.M. 2017). "[W]hereas the court should dismiss a claim under rule 12(b)(6) only if a reasonable person could not draw an inference of plausibility, a removing defendant must establish a claim's impossibility for fraudulent joinder purposes with **complete certainty upon undisputed evidence**." *Id.* (emphasis added).  Here, the evidence is disputed.

The parties provided several maps and pictures of Highway 550 near where the incident occurred, including pictures of the roadway upon exiting Tico Time, the medians and barriers at different mile postings, the area around the New Mexico-Colorado border, and wrong way signage at several locations along the highway. Largely, the parties offer different arguments as to whether Defendant Snook crossed over to the wrong lane of travel in New Mexico or Colorado. Plaintiffs allege that Defendant Snook crossed over to the wrong lane of travel in New Mexico, and the absence of signage and barriers on the New Mexico side of Highway 550 was a dangerous condition that directly caused the accident in Colorado. **Doc. 10, at 6-8**. In contrast, Defendants allege that there were "plenty" of opportunities for Defendant Snook to have entered the wrong lane in Colorado, outside of NMDOT's boundaries and in a location where it has no authority or duty to perform maintenance. *See, e.g.*, **Doc. 17, at 16**; **Doc. 19, at 4**. Defendants also argue that there were ample "wrong way" and "do not enter" signs and a median where the accident occurred, and thus, there was no dangerous condition caused by NMDOT because these signs would have been sufficient to warn a prudent driver. *See* **Doc. 17, at 7-8.** In sum, Plaintiffs have created factual and legal issues as to the location where Defendant Snook entered the wrong lane, whether NMDOT owed a duty to Plaintiff Alleman, and whether NMDOT's failure to erect barriers or additional signage was the but-for or proximate cause of the accident.

Consequently, the Court cannot say that there is "no possibility" that Plaintiffs could assert a negligence claim against NMDOT under the Tort Claims Act. *See Montano,* 211 F.3d at *1-2, 4. Although the Court may pierce the pleadings in deciding fraudulent joinder, "this does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with completely certainty." *Smoot*, 378 F.2d at 882. Detailed factual dispute resolution is not appropriate in a

motion to remand, thus, the Court declines to address the remainder of Defendants' arguments. Here, these factual and legal disputes must be resolved in Plaintiff's favor. *See Dutcher*, 733 F.3d at 988. Defendants have failed to carry their heavy burden and show that there is no possibility of a claim against Defendant NMDOT.

**III.    Costs and Fees.**

Plaintiffs ask for attorney fees and costs incurred in seeking remand because there was a lack of complete diversity and Defendants' fraudulent joinder argument was not reasonable. **Doc. 10, 11.** Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). While an award of fees is within the discretion of the Court, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Considering the totality of the circumstances, the Court concludes that Defendants had an objectively reasonable basis for removal and did not remove this case to prolong litigation or impose costs on Plaintiffs. Therefore, an award of attorney fees and costs to the Plaintiffs is not justified.

Moreover, Defendants had an objectively reasonable argument that the sole non-diverse defendant was fraudulently joined. Although Defendants failed to carry their burden of proving fraudulent joinder, their underlying argument was objectively reasonable.

## CONCLUSION

Because there was a lack of complete diversity at the time of removal, this Court lacks diversity jurisdiction over this case. 28 U.S.C. § 1447(c). Defendants have not carried their heavy burden of showing there is no possibility of claims against the sole non-diverse defendant, NMDOT. Therefore, the Court grants in part Plaintiffs' Motion to Remand. The Court declines to award attorney fees. Finally, the Court declines to rule on Defendant Hajoca's partial motion for dismissal because the Court lacks subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand **(Doc. 10, 11)** is hereby **GRANTED IN PART** for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the First Judicial District Court, Santa Fe County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**